UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| TIMOTHY JOHNSON, | ) | CASE NO. 3:07 CV 211 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| TERRY COLLINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On January 24, 2007, plaintiff pro se Timothy Johnson filed the above-captioned action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, Religious Services Administrator Gary Sims, Toledo Correctional Institution ("ToCI") Warden Khelleh Konteh, ToCI Chaplain Frank Vloch, ToCI Deputy Warden of Operations Keith Smith, ToCI Sergeant Kevin Logan, ToCI Corrections Officer Benjamin H. Danhoff, and ToCI Institutional Inspector Bill Bartlison. In the complaint, plaintiff alleges that he was prohibited from freely exercising his religion and was the victim of retaliation. He sues the defendants in their official capacities and seeks injunctive and monetary relief.

**Background**

Mr. Johnson indicates that he practices the Rastafari religion founded in Jamaica. He claims that as a Rastafari, he took a vow not to cut his hair and to allow it to grow in dreadlocks. He further contends that when a Rasta is in public, he must cover his hair with a TAM.

Mr. Johnson has been incarcerated in ToCI since December 27, 2005. He states that during orientation, he asked Warden Kelleh Konteh about accommodation of his beliefs. He indicates that Warden Konteh replied that Rastafari was not a religion. He claims he was also told he would not be permitted to keep his hair in dreadlocks or wear a TAM.

Three days later, Mr. Johnson was walking to the cafeteria and encountered Deputy Warden Keith Smith. Mr. Johnson states he was told he would have to cut his dreadlocks. He contends that he tried to explain his vow to Mr. Smith but was nonetheless given a direct order to cut his hair. Mr. Johnson refused and was taken to the segregation unit.

Mr. Johnson contacted Chaplain Frank Vloch on January 9, 2006 and received a pass to come to the Chaplain's office to discuss his situation. He claims that when he arrived, Warden Konteh was there. The Warden informed him that dreadlocks were not permitted at ToCI. He also argued to the Chaplain and Warden that Jewish and female inmates are permitted to wear their hair long. His arguments did not persuade the Warden. Mr. Johnson completed and submitted a "Request for Accommodation of Religious Practice" form. The accommodation was denied by Religious Services Administrator Gary Sims. Mr. Johnson states that he was given a second direct order to cut his hair. He claims he saw Warden Konteh in the cafeteria on September 20, 2006. He states that the warden approached his table and greeted him with, "How are you doing Rastaman?" (Compl. at 4.) He states he was given a direct order to cut his dreadlocks.

Mr. Johnson further contends he was the victim of retaliation for seeking religious

2

accommodations. He states that Corrections Officer Danhofer searched his cell on March 28, 2006 and scattered his religious literature and legal work all over his cell. He also claims he requested grievance forms from Institutional Inspector Bill Bartlison, but never received them. He indicates he reported this to the Chief Inspector who intervened to help Mr. Johnson receive the forms he needed. Mr. Johnson contends that the Institutional Inspector retaliated against him for seeking assistance from the Chief Inspector.

Mr. Johnson claims these actions violated his First and Fourteenth Amendment rights. He sues the defendants in their official capacity. He seeks an order enjoining the defendants from cutting his hair and prohibiting him from wearing his TAM. He also requests monetary damages in the amount of $150,000.00 per defendant.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

A suit against a public servant in his or her official capacity imposes liability on the

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

public entity he serves. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Brandon v. Holt, 469 U.S. 464, 471 (1985). ODRC Director Terry Collins, Religious Services Administrator Gary Sims, ToCI Warden Khelleh Konteh, ToCI Chaplain Frank Vloch, ToCI Deputy Warden of Operations Keith Smith, ToCI Sergeant Kevin Logan, ToCI Corrections Officer Benjamin H. Danhoff, and ToCI Institutional Inspector Bill Bartlison are all employee of the State of Ohio Department of Rehabilitation and Correction. Id.; Von Herbert v. City of St. Clair Shores, No. 02-1063, 2003 WL 1194304, at *6 (6th Cir. March 11, 2003). Because these claims all seek to impose liability on the ODRC, Mr. Johnson cannot obtain an award of monetary damages. The Eleventh Amendment is an absolute bar to the imposition of liability upon states and their agencies. Latham v. Office of Atty. Gen. of State of Ohio, 395 F.3d 261, 270 (6th Cir. 2005).

Furthermore, because Mr. Johnson's claims seeking injunctive relief are also asserted against the defendants in their official capacity, there is no need to proceed with this action against all of the them. They all seek relief from the ODRC. Consequently, this action shall proceed solely against Warden Khelleh Konteh in his official capacity. The claims against the other defendants are dismissed as redundant.

## Conclusion

Accordingly, plaintiff's claims against all the defendants seeking monetary relief are dismissed pursuant to 28 U.S.C. § 1915(e). His claims injunctive relief against Terry Collins, Gary Sims, Frank Vloch, Keith Smith, Kevin Logan, Benjamin H. Danhoff, and Bill Bartlison are also dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision

4

could not be taken in good faith.[2] This case shall proceed solely against Warden Khelleh Konteh on plaintiff's claims seeking relief injunctive relief. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on this defendant and shall include a copy of this order in the documents to be served.

      IT IS SO ORDERED.

                                                    /s/ David A. Katz

                                                    DAVID A. KATZ
                                                  UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a) provides, in pertinent part:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.